IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
DERRICK L. MIDDLETON,         *
                              *
     Plaintiff,               *
                              *
     v.                       *       CV 421-319
                              *
STATE OF GEORGIA and          *
CHATHAM COUNTY of GEORGIA,    *
                              *
     Defendants.              *
```

**O R D E R**

Plaintiff filed this lawsuit while incarcerated at Hays State Prison in Trion, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b). For the following reasons, Plaintiff's Complaint is dismissed as frivolous.

## I.   BACKGROUND

The Clerk of Court reasonably construed a letter Plaintiff filed on November 1, 2021 as a § 1983 Complaint because it is captioned as follows: "This is an New Appeal: This will Involve with a of Lawsuit as Well. Civil Action of Prisoner Right 42 U.S.C. § 1983." (Doc. No. 1, at 1.) Plaintiff appears to complain therein about the validity of certain state convictions for armed robbery, hijacking, and theft by receiving stolen goods, although he does not reveal where or when the convictions took place or give any details about his sentence. Thus, while Plaintiff's allegations come before the Court as a Section 1983 Complaint, his pleading is more likely an attempt to appeal his conviction. (See, e.g., id. at 3 ("Plaintiff's conviction for arm [sic] robbery O.C.G.A. 16-8-41 should be reversed . . . ."); id. at 1 (titling the document "Brief in Support of Defendant's Extraordinary Motion for New Trial Based Upon a New Rule of Law").) Plaintiff argues that the trial court committed several errors, and he seeks the Court grant his "motion for the liability and damages." (Id. at 4.) Plaintiff also requests to be transferred to another prison. (Id. at 5.)

## II. DISCUSSION

"Federal courts have long recognized that they have an obligation to look behind the label" of *pro se* inmate filings to determine whether they are "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1999). To that end, when a prisoner complains about his conviction and/or sentence, the fundamental consideration in determining the statutory framework under which his allegations will be analyzed is the "effect of the claim on the plaintiff's conviction and/or sentence." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence, the inmate's claim must be raised in a Section 2254 habeas petition, not a Section 1983 civil rights action. Id.; Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

Thus, even though Plaintiff cloaks his claim with a request for damages under Section 1983, the Court must "peel back the disguise and 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

3

invalidated.'" See Rosa v. Finkelstein, 837 F. App'x 704, 706 (11th Cir. 2020) (quoting Heck, 512 U.S. at 487). Because Plaintiff's arguments contest the validity of his conviction, and he has not shown that his conviction was already invalidated, his claims are not cognizable under Section 1983. See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that a request for injunctive and declaratory relief in a § 1983 action that "challenge[s] the validity of the claimant's conviction or sentence and seek[s] release [is] simply not cognizable under § 1983"); see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

Nor may the Court consider his Complaint under the state habeas statute. Before seeking habeas relief under 28 U.S.C. § 2254, a petitioner must "fairly present" his claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[] the remedies available in the courts of the State" before seeking federal relief). Given the title applied by Plaintiff to his own pleading - "Motion for New Trial Based Upon a New Rule of Law" - the Court infers that

4

Plaintiff has yet to pursue any state court appeal, and instead he intends to seek some remedy provided by Georgia statute in the federal court. See, e.g., O.C.G.A. § 5-5-41; see also Mitchum v. State, 834 S.E.2d 65, 71-72 (Ga. 2019). The Court may not evaluate the necessity of a granting a new trial in the current posture of this case. "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008); 28 U.S.C. § 2254(b).

### III. CONCLUSION

Plaintiff has not shown that he has exhausted his claim in state court, so this Court may not construe or convert his invalid Section 1983 Complaint into one requesting habeas relief. Therefore, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE